## JUSTUS STARKS *vs.* BENJAMIN SIKES.

Two out of three tenants in common executed a lease for years of the whole estate, by which the lessee covenanted to insure for the benefit of the lessors. A policy was obtained accordingly, and assigned to one of the two cotenants, who recovered the whole amount of a loss from the insurance company. *Held*, that he was liable to an action by the third cotenant for his proportion of the amount; and that the admission of a conversation between the defendant and a third person before the assignment of the policy, for the purpose of showing that the assignment was to be for the benefit of all the owners of the property, was no ground for a new trial.

A witness testified on cross-examination that he had never expressed any hostile feelings towards the defendant. The defendant, for the purpose of contradicting him, offered evidence that the witness, in conversation with a third person about a note which had just been signed by the witness and then by the defendant, said that the defendant had never paid him for certain services, and that he was worth nothing himself and had taken this course to get money out of the defendant. *Held*, that the exclusion of this evidence was no ground of exception.

ACTION OF CONTRACT to recover one fourth of money received by the defendant under a policy of insurance on a mill and machinery in Whately, of which the plaintiff, the defendant and Danforth Works were tenants in common, the plaintiff's share being one fourth.

At the trial in this court at September term 1857, in Franklin, before *Metcalf*, J., it appeared that the premises were leased by the defendant and Works to Harding and Buffum, who stipulated on their part to insure the premises for the lessors in the sum of $4000, and did insure accordingly; that the buildings were destroyed by fire, and the policy afterwards assigned by the lessees to the defendant, who brought an action on the policy and recovered and received the amount of it from the underwriters.

The plaintiff introduced a witness, S. B. White, who testified to a conversation between himself and the defendant previously to the assignment of the policy to the latter, for the purpose of showing that the assignment was to be for the benefit of all the owners of the property. The defendant objected to the reception of this evidence, but the court admitted it.

Buffum, one of the lessees, whose deposition was put in by the plaintiff, stated, on cross-examination, that he had never

expressed any feelings of hostility towards the defendant, nor threatened to injure him. The defendant, "for the purpose of showing hostile feelings on the part of Buffum towards the defendant," offered the deposition of Henry C. Rogers, in which he testified that, in a conversation between himself and Buffum about a note for $200, which had just been signed by Buffum and then by the defendant, Buffum said, " I have come it on Ben. Sikes now ; he has got the note to pay ; I am worth nothing, I took this course to get money out of him " ; and " said something in regard to an old insurance affair, in which he had assisted Sikes, and Sikes had paid him nothing therefor, and he had taken this course to get his pay." This deposition was objected to, and ruled out.

The defendant requested the court to rule, that though the lease was of the entire premises, yet " if it was signed by the defendant and Works in their individual capacity," the plaintiff could not recover ; and also, " that, as the policy on its face purported to be an insurance of Buffum and Harding's interest, and the assignment to the defendant was unconditional, therefore whatever sum was recovered by the defendant was recovered to his own use, and the plaintiff had no claim thereon."

But the court declined so to rule ; and instructed the jury, that " if the defendant and Works leased the whole, and had insurance of the whole, though intended by them to be for their own benefit only, yet the plaintiff would be entitled to one fourth of the sum recovered of the underwriters."

The verdict was for the plaintiff, and the presiding judge reported the case to the full court.

*H. Vose,* for the defendant. 1. The plaintiff cannot recover in this action on the ground of his being a tenant in common with the defendant and Works of the insured property.

(1.) Because " as tenants in common," they could not lease the interest of their co-tenant, the plaintiff; their lease, though in terms covering the whole property, conveyed only their several interests in it. Taylor on Landl. & Ten. § 114.

(2.) Because, as tenants in common, they could not legally insure the interest of the plaintiff; and the policy, though in

terms upon the whole property, only covered their interest in the property, and they could only recover under it to the extent of their interest.   Angell on Ins. § 82.   *Foster* v. *United States Ins. Co.* 11 Pick. 85.   *Finney* v. *Warren Ins. Co.* 1 Met. 16. *Converse* v. *Citizens' Mutual Fire Ins. Co.* 10 Cush. 37.   *Work* v. *Merchants & Farmers' Mutual Fire Ins. Co.* 11 Cush. 271. *Catlett* v. *Pacific Ins. Co.* 1 Wend. 561.

(3.) Because a policy of insurance is not in any way incident to the estate, so as to give any persons legally interested in the estate rights under it, or entitle them to a share of it, other than those to whom it issues, or who may hold it by assignment. *Wilson* v. *Hill*, 3 Met. 66.

The plaintiff is entitled to recover, if at all, in this action, either because this insurance was originally procured by his direction on his interest; or because the defendant originally intended to protect the plaintiff's interest by this insurance, and the plaintiff has since adopted and ratified the defendant's acts in so doing.   The instructions were wrong, because they omitted all these elements, and rested the plaintiff's right of recovery solely on the whole property being included in the lease and covered by the policy, though the policy was intended by the defendant and Works for their exclusive benefit.

2. The effect of the testimony of White was to control and vary the manifest meaning of the assignment of the policy to the defendant, and hence it was incompetent.   1 Greenl. Ev. § 275.   The rule excluding parol evidence is not restricted to suits between the parties to the instrument.   Cowen & Hill's notes to 2 Phil. Ev. (N. Y. ed. 1839) 1436.   *Reading* v. *Weston*, 8 Conn. 117.   *Barker* v. *Buel*, 5 Cush. 519.   *Crawford* v. *Spencer*, 8 Cush. 418.   *Myrick* v. *Dame*, 9 Cush. 248.

3. It was competent for the defendant to show that Buffum had expressed feelings of hostility towards him.   1 Greenl. Ev. § 450.   *Atwood* v. *Welton*, 7 Conn. 66.   The deposition of Rogers should have been admitted for that purpose.

*D. W. Alvord & G. D. Wells*, for the plaintiff.

SHAW, C. J.   Assumpsit for money had and received to the plaintiff's use, on the ground that the defendant demanded and

received of an insurance company a sum, to a part of which the plaintiff, in equity and good conscience, was entitled, and therefore that money had and received will lie to recover it.

An estate was owned and held in common, in certain aliquot parts, by the plaintiff, the defendant, and Danforth Works. Works and the defendant, without the concurrence of the plaintiff, undertook to let the entire estate to a third party for a term of time. The two tenants in thus letting the entire estate, including the plaintiff's purparty, did undertake and purport to act as the agents of the plaintiff, and they are estopped to deny it. It might have been competent for the plaintiff to repudiate the assumed agency of his cotenants, and claim possession of his part against the tenant. But it was also competent for him to affirm and adopt the doings of such assumed agents; and then, by a well known maxim of law, the subsequent ratification gives to the agency the force and effect of an original express authority. In the present case it appears, that the plaintiff has affirmed and ratified the doings of his assumed agents, and now claims one of the benefits of it.

One of the stipulations of the lessees was, to procure the whole premises to be insured for the benefit of the lessors, which was done ; and the premises were burnt within the time stipulated by the policy. This insurance was in the nature of rent, it was one of the benefits given as a consideration for the demise, and therefore was for the benefit of all the lessees. Perhaps the two nominal lessees, Works and Sikes, should have joined in recovering the loss from the insurers. But they joined in assigning it to Sikes alone, and he alone recovered the whole in his own name. Perhaps if the insurers had objected, he could not have done this ; but if they did not, the defendant can certainly take no exception to his own act in that respect. When therefore he recovered the entire loss to which he and his cotenants were entitled, he recovered to their uses respectively, in proportion to their aliquot parts of the common estate, and an action at law will lie for it. *Dickinson* v. *Williams,* 11 Cush. 258. *Shepard* v. *Richards,* 2 Gray, 424.

There seems to be nothing in the other exceptions requiring

special attention. The court are of opinion that the plaintiff is entitled to recover one fourth of the money recovered by the defendant, for loss on the policy, according to his aliquot part in the common property. *Judgment on the verdict.*